# KENT COUNTY.

REBECCA PERKINS *vs.* SE IPSAM, Administratrix.

An administrator cannot bring suit against himself to recover a debt due to him from his intestate.

ASSUMPSIT. — On demurrer to a plea in abatement.

*Providence, December* 27, 1875. DURFEE, C. J. This is an action of assumpsit to recover for services performed, and for care, provisions, and clothing furnished by the plaintiff to Jacob Perkins and his wife, during the lifetime of said Jacob. The plaintiff was administratrix on the estate of said Jacob, and commenced the action by service of the writ upon herself as such.

She declared against herself as administratrix. The first plea is a a plea in abatement. It was filed by Nathan M. Lockwood, and sets forth that he has been appointed administrator on the estate of said Jacob, in place of the plaintiff, who has resigned. It prays that the writ may abate, because the plaintiff and the defendant named in the writ are the same person. The plaintiff demurs. Nathan M. Lockwood joins in the demurrer.

The plaintiff does not cite any case to show that the action can be maintained. It is not the ordinary common law remedy. The ordinary common law remedy is retainer. Blackstone says: " If a person indebted to another makes his creditor his executor, or if such creditor obtains letters of administration to his debtor; in these cases the law gives him a remedy for his debt by allowing him to *retain* so much as will pay himself, before any other creditors whose debts are of equal degree. This is a remedy by the mere act of law, and is grounded on this reason : that the executor cannot, without an apparent absurdity, commence a suit against himself, as a representative of the deceased, to recover that which is due to him in his own private capacity ; but, having the whole personal estate in his hands, so much as is sufficient to answer his own demand is, by operation of law, applied to that particular purpose. Else, by being made executor, he would be in a worse condition than all the rest of the world besides." 3 Bl. Com. 18.

The plaintiff, by way of justification, says the estate was represented insolvent, commissioners were appointed, and her claim was submitted to them and by them rejected. The statute provides that any creditor, whose claim is wholly or in part rejected, may have the same determined at common law, in case he shall give notice thereof in writing in the office of the clerk of probate within forty days, and bring and prosecute his action within sixty days, after the report of the commissioners shall have been received. The plaintiff says she commenced the action against herself, because, if she had waited for the appointment of an administrator after the report was received, she would have lost her right of action under the statute by the delay. In this view, the case is a hard one. But it was not necessary for the plaintiff to delay resigning until the report was received. She might have resigned as soon as she knew the estate was insolvent, and she

would have to submit her claim to the adjudication of commissioners. It is well for an administrator to resign when he finds the estate is insolvent, if he has a claim against it which is open to question; for, otherwise, he may be tempted to take advantage of his position, and favor himself at the expense of other creditors. We think the action cannot be maintained. The demurrer will therefore be overruled, and the plea in abatement sustained.                          *Demurrer overruled.*

*Dexter B. Potter,* for Rebecca Perkins.

*Tillinghast & Ely,* for administrator *de bonis non,* intervening.